Under Code Civ. Proc. § 913, permitting letters rogatory to be issued by the County Court, etc., in a proper case, upon affidavit that there is good reason to believe that the ends of justice will be better promoted thereby than by the taking of a commission, where one is claiming the larger part of a large estate as an adopted daughter under the statute of distribution, and intestate's brother disputes her right on the ground that the adoption was invalid, letters rogatory are properly issued to take testimony of the German judge who approved the adoption.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 36; Dec. Dig. § 25.*]

2. DEPOSITIONS (§ 40*)—LETTERS ROGATORY.

Letters rogatory issued to obtain evidence of a German judge need not run to the judge, but should be addressed generally to the courts and magistrates of the German Empire.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 61; Dec. Dig. § 40.*]

3. DEPOSITIONS (§ 25*)—LETTERS ROGATORY—FOREIGN JUDGE.

While a German judge to whom letters rogatory are addressed to obtain his testimony may decline to answer any interrogatories he deems improper, that fact is not ground for refusal to issue the letters.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 36; Dec. Dig. § 25.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. DEPOSITIONS (§ 25*)—LETTERS ROGATORY.

> The fact that the evidence of a German judge taken pursuant to letters rogatory addressed to him may be incompetent under the lex fori is not ground for refusing to issue the letters.
>
> [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 36; Dec. Dig. § 25.*]

Judicial settlement of the account of proceedings of Elly Smith, as administratrix of Lucius Hopkins Smith, deceased. Application for letters rogatory to take testimony of a German judge. Application granted.

Merrill & Rogers, of New York City (Payson Merrill and Alfred Holbrook, both of New York City, of counsel), for applicant.

Bernard Gordon and Rounds, Schurman & Dwight, all of New York City, and Martin J. Keogh, Jr., of New Rochelle (George W. Schurman, of New York City, of counsel), opposed.

FOWLER, S. This is an application for letters rogatory to take the testimony of the right honorable the district court judge of the Royal Court at Berlin, Prussia, who is alleged to have approved the adoption by intestate of the young German girl now known as Ruth Hopkins Smith. The brother of intestate, Sidney A. Smith, disputes the validity of the adoption, and asks for letters rogatory in aid of his contention. The application for the letters is opposed by the administratrix and by Ruth Hopkins Smith for various intricate reasons. It is apparent that Ruth Hopkins Smith is claiming in this court to be entitled as such adopted daughter, under the statute of distribution of this state as now amended, to the larger part of the funds now in the hands of the administratrix for distribution. The brother of the intestate disputes the right and claim of the adopted daughter, and the issue is now here awaiting the decision of this court. The estate is large, and the several rights of the respective contestants will depend wholly on the conclusiveness of the adoption or arrogation in question. A claim to the estate of an intestate solely by virtue of a disputed foreign act of arrogation certainly demands consideration at our hands, and any competent testimony bearing upon the validity or invalidity of such act will be of consequence. At this stage the surrogate ought not to hold that none of the evidence sought is competent. A denial of the present application would be equivalent to just that decision, whereas our decision on the competency of the testimonial evidence should await, in this matter, the return to the letters rogatory, unless the proposed evidence is clearly irrelevant or incompetent. As I do not know what the honorable judge may testify, I am not disposed to prejudicate the case.

[1] It is the constant practice of this court to issue letters rogatory to officials of the German Empire, as ordinary commissions to take depositions of witnesses in Germany are not ex comitate executed freely or at all in the German Empire. There seems to be no provision in Germany for such commissions. It would appear that the applicant for letters rogatory has brought himself prima facie within section 913, Code of Civil Procedure.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The letters rogatory will not necessarily run to the honorable judge whose evidence is desired. They will be in the usual form, I take it, and addressed generally to the courts and magistrates of a friendly power.

It ought not to be held at this stage that none of the desired testimony of the honorable judge is material or competent. The question is too serious for such a disposition. It would seem to me that the adjudications cited against the application are not quite in point. The foreign judge is to be asked as to matter of fact and not as to matter of law. I cannot assume that the honorable judge of the German tribunal will suffer himself to be interrogated as to matters of law or matters irrelevant to the issue before me or incompetent under our laws of evidence. It may be as asserted that the German judge will decline to answer the written interrogations to be propounded to him by virtue of the letters rogatory.

[3] He may regard them as extra modum. If he so thinks, he is not obliged ex comitate to violate his own conception of the judicial proprieties or to compromise his judicial dignity. He will in that event, I take it, simply decline to answer the interrogatories propounded. If he shall, on the other hand, be willing or able to make answer to such interrogatories, the competency of his evidence both modo et forma will then have to be decided by us under the lex fori contentionis. On all such matters decision I think should be reserved at this stage of this cause and the cause should not be prejudicated.

[4] It may be that some of the interrogatories to be propounded to the German judge will relate to matters not evidentiary under the lex fori. But at this stage it does not seem to the surrogate that this is a reason for denying the application altogether, for it may be that the honorable judge of the German court will or can testify to matter competent or material under the lex fori.

Application for letters rogatory granted, but without prejudice to any objections to the relevancy, materiality or competency of the proposed interrogatories or the answers thereto. All such matters will be reserved.